The opinion of the Court, (Tilghman C. J. being sick and absent,) was delivered by
Gibson J.
To this action of trespass quare clausum fregit, the defendant pleaded, non cul, and the statute of limitations; and the jury found for'the plaintiff; six cents damages, “ and all costs of suit.” There was no certificate ; and as it did not appear by the pleadings, that the title came in question, the Court rendered judgment on the verdict, without costs. There is no doubt, but the question is unaffected by any thing in the act of -assembly, passed the 22d March, 1814, Purd. Dig. 363, giving jurisdiction to justices of the peace, in actions of ,trespass, where the damages do not exceed 100 dollars. The fourth section provides, that “ the process, returnjhereof, notices, awards, judgments, and appeals, and the proceedings of justices, constables, referees, and Courts, and every proceeding necessary to carry this act into effect, which is. not herein specially provided for, shall be made and done, under and according to the provisions and regulations in similar cases contained” in the 100 dollar act, and its supplements; and as by the provisions of the 100 dollar act, if a plaintiff recover less than 100 dollars in Court, he is to take his judgment without costs, it is inferred that the same provision is extended to. actions of trespass. But the trespass act adopts only those provisions of the 100 dollar act, which are immediately necessary to carry the former into effect, but not those that are unconnected with the details of the suit, in its. progress before the justice, or in Court, after it is brought there by appeal. Every thing of an ancillary or subordinate nature was to be supplied from the provisions of the 10.0 dollar act;, but no distinct substantive provision of it, not immediately connected with the execution of the powers conferred, was to be ■ engrafted on the iréspass act. This peculiar provision of the' 100 dollar act is not necessarily connected with the execution of any jurisdiction delegated to justices of the peace; but is, in fact, a *419 regulation applicable to proceedings not before justices of Ike peace at all, but in the Courts of Common Pleas. I cannot therefore say, that the jurisdiction of the courts of common law shall be indirectly affected by an application of the principle, to cases never intended to be within the trespass act, even as respects the mode of proceeding; for it would be a forced construction, to say that act had ■ any connection with a cause, that never was in any shape before a justice, but was commenced in the Court of Common Pleas. The question must then depend on the Stat. 22 23. Car. 2. c. 9. s. 136, (Purd. Dig. 420. note,) which is reported by the Judges of this Court, as being in force here. I-confess, that-before that report^ I'never heard it suggested, that statute was extended here; ■ nor have I ever known a judgment rendered without full costs, where the verdict in trespass, was for less than forty shillings ; but in every instance nominal damages carried full costs. Without saying whether the report of the Judges, being under a special act of assembly, is to have the effect of concluding all question on the subject,- I am content for the present, to take this statute, as it has been reported, and to rest the matter on its construction, which has always been, that although the Court cannot add the costs de incremento, yet the jury may find any sum in costs, they please. Page v. Kirk, 2 Vent. 36. 6 Vin. Costs, L. pi. 36. So, under the analogous statute of the 21 Jac. 1. c. 16, where the jury in any action on the case for words, give less than forty shillings, they may give full costs, Brown v. Gibbons, 1 Salk. 207. The true, reason why the Court is bound while the jury are not, seems to be, that there being no measure of damages in those cases which fall within these statutes, the jury are not bound to give damages eo nomine, but may substantially do the same thing in another form, by increasing the costs to the amount of the damages intended to be given. I am aware that in the case of Lewis v. England, 4 Binn. 5, it was decided, that on appeal from the judgment of a justice, where a less sum is recovered than the amount of the judgment of the justice, the jury are not at liberty to find full costs ; and from this it would at first seem, the Court laid down as a general rule, governing in all cases. except only that of slander, that where a statute says a party shall not recover costs, neither a jury, nor arbitrators, can give them. I do not mean to controvert *420 in the smallest degree, the propriety of that decision, but only to add one more exception to the principle it contains. Where there is a fixed measure of damages, beyond which, as Lewis v. England, the jury cannot go, they must be governed by it; but where they are controuled by no standard, it would be idle and without any practical effect, to say they must give damages only as such; for the costs, which are almost always given as a compensation for the injury, would then be given, as in truth intended, by the name of damages. As then we conceive the plaintiff has been improperly deprived of his costs, the judgment as to the costs, must be reversed, and entered in favour of the plaintiff for full costs.
Judgment as to costs reversed, and judgment for plaintiff for full costs.